ENGLEMAN TRANSP. Co. v. LONGWELL et al.

(*Circuit Court, W. D. Michigan, S. D.* March 23, 1880.)

MORTGAGEE IN POSSESSION—ACCOUNTABILITY FOR RENTS.

Where a mortgagee in possession of an undivided half interest in a milling property forms a partnership with another to carry on the business, she will be charged, on an accounting in equity, with the fair rental value of the half interest, notwithstanding that the business resulted disastrously.

In Equity.   On an accounting.

WITHEY, J.   Mrs. Longwell, one of the defendants, a mortgagee in the possession of the undivided half of premises, the conveyance being absolute in form, has been required to account for the net rents and profits. It turns out that she has received from one of the two parcels of real estate no rent, and claims, therefore, that she is not chargeable with rent. The title of an undivided half of the property, upon the face of the records of the county where the property was situated, was in Mrs. Longwell.   Defendant Sherman owned the other half.   She gave him a mortgage on her half to secure one-half of the costs of repairs which he made on one parcel of the property; Sherman agreeing to carry on the business of milling and flouring for five years from September, 1875, and pay to Mrs. Longwell one-quarter of the net profits, she to bear one-half of the losses, if any.   Her quarter of profits Sherman was to apply towards paying her share of the advances made by him, secured by the mortgage on her undivided half.   The business of milling proved disastrous.   Instead of a profit, there was a loss; consequently there was no reduction of the mortgage given to Sherman.

Now it is claimed that Mrs. Longwell is not chargeable with any rents whatever, as she received none.   We regard this view to be a misapprehension of the rule under the facts.   Mrs. Longwell, as mortgagee in possession of the undivided one-half of the mill property, would not be accountable for rent if she had been unable to lease the property, or had failed, after judicious leasing, to collect rent; but when she entered into a partnership arrangement with Sherman to do a milling and flouring business with this mill property, (the rule would be the same if she had alone carried on the business,) and the venture turned out disastrously, a court of equity will not inquire, under such circumstances, whether there was profit or loss, but will charge her with the fair rental value of the premises over repairs, insurance, etc., and taxes paid.   The master is therefore directed to ascertain what the fair net rental value of the undivided half of the mill was during the period of the accounting, in the condition it was after the improvements were made, and credit her with the cost of her share of the improvements beneficial to the freehold.